UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Hasim Munir,<br><br>Plaintiff,<br><br>v.<br><br>Brett Smiley,<br>Jeffrey Dana,<br>Kenneth Chiavaran,<br>Major Henry Mararall,<br>Sgt Paul Zeinowicz,<br>City of Providence,<br><br>Defendants. | C.A. No. 26-cv-467-MSM-AEM |

**MEMORANDUM AND ORDER**

MARY S. MCELROY, United States District Judge.

## I. BACKGROUND

Mr. Munir is serving a twenty-three-year sentence at the Rhode Island Adult Correctional Institutions for his conviction on one count of first-degree child molestation sexual assault under R.I. Gen. Laws §§ 11-37-8.1 and 11-37-8.2. He sought state court post-conviction relief, but his application was denied on April 30, 2025. *See* PM-2019-10028.

On July 17, 2026, Mr. Munir initiated this matter - his seventh federal court civil action - with a filing encompassing 280-pages captioned as his Complaint (ECF No. 1), 40 pages of sealed Exhibits (ECF No. 2) and nine separate Motions (ECF Nos. 3–11). Because he neither paid the filing fee nor moved to proceed *in forma pauperis*,

the Court ordered him to do so by August 17, 2026. ECF No. 12. He paid the $405 filing fee on August 11, 2026. He subsequently filed nine additional documents, all of which remain pending. ECF Nos. 13–20, 25.

Mr. Munir is a prolific *pro se* litigant, having filed dozens of matters in Rhode Island's state courts, and six prior civil actions in this Court. In this Court, he has twice sought federal habeas corpus relief under 28 U.S.C. § 2254. *See Munir v. State of Rhode Island*, 1:18-cv-415-JJM-LDA and *Munir v. Suttell*, 1:23-cv-179-JJM-LDA. Both actions were dismissed as premature because he did not exhaust his state court remedies prior to filing the actions.

He also brought four separate federal civil rights actions, each time requesting and receiving permission to proceed *in forma pauperis.* All four of his prior civil rights cases were dismissed for failure to state a legally viable claim. *See Munir v. State of Rhode Island Superior Court*, 1:21-cv-92-WES-PAS, *Munir et al v. The Rhode Island Superior Court*, 1:22-cv-39-MSM-PAS, *Munir v. State of Rhode Island Superior Court*, 1:22-cv-57-WES-PAS, and *Munir v. Suttell*, 1:24-cv-359-WES-PAS.[1]

---

[1] Under the Prison Litigation Reform Act ("PLRA") 28 U.S.C. §1915 *et. seq.*, *in forma pauperis* status is not available to an incarcerated individual who has brought three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(g). Mr. Munir was previously "cautioned that he is at risk of being barred from filing" additional cases *in forma pauperis* in one of his 2022 cases. *Munir v. Superior Ct.*, No. CV 22-39-MSM, 2022 WL 669699, at *1 (D.R.I. Mar. 7, 2022), report and recommendation adopted sub nom. *Munir v. Rhode Island Superior Ct. Corp.*, No. CV 22-039-MSM-PAS, 2022 WL 844233 (D.R.I. Mar. 22, 2022). He has paid the full filing fee in this matter, and therefore avoids the 1915(g) bar on filing a new complaint *in forma pauperis*, but the Court notes that after a review of his prior cases, he is precluded by 28 U.S.C. § 1915(g) from filing another action *in forma pauperis*, unless an exception to 1915(g) is applicable.

## II. STANDARD OF REVIEW

Mr. Munir's Complaint is subject to mandatory screening under 28 U.S.C. §1915A because he is incarcerated and seeks redress from government entities and officers. *See* 28 U.S.C. §1915A(a),(c). The Court may dismiss the complaint *sua sponte* (on its own motion) if the claims therein are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Payment of the filing fee does not exempt Mr. Munir's Complaint from screening. *See Credeur v. O'Neill*, No. CV 15-13186-RGS, 2016 WL 158504, at *1 (D. Mass. Jan. 13, 2016) (noting that § 1915A "does not contain an explicit exception for a prisoner who has paid the filing fee, and the federal courts of appeals that have addressed the issue have ruled that no such exception exists.")

The standard for determining whether a Complaint fails to state a claim upon which relief may be granted under § 1915A is "identical to the standard used when ruling on a Fed. R. Civ. P. 12(b)(6) motion." *Paiva v. Rhode Island Dep't of Corr.*, No. 26-338-JJM, 2026 WL 2034891, at *3 (D.R.I. July 14, 2026) citing *Chase v. Chafee*, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. CA 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011). When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition, when conducting the initial review required under § 1915A, the court must liberally construe the complaint because the Plaintiff is proceeding *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000) ("[C]ourts hold pro se pleadings to less demanding standards than those drafted by lawyers."). *Pro se* status, however, "does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

## III. DISCUSSION

### A. Violation of the Federal Rules of Civil Procedure

As a preliminary matter, the length and structure of Mr. Munir's Complaint implicate Rules 8 and 10 of the Federal Rules of Civil Procedure. These rules require plaintiffs to clearly organize and identify their claims and supporting facts, giving defendants fair notice and enabling them to prepare coherent answers and defenses.

Rule 8(a)(2) requires that a plaintiff set forth a "short and plain statement of the claim" showing that the plaintiff is entitled to relief. This requirement ensures that the defendants know the nature of the claims asserted, and spares the defendants and the Court the burden of reviewing and attempting to respond to unnecessarily lengthy pleadings. *Belanger v. BNY Mellon Asset Mgmt., LLC*, 307 F.R.D. 55, 57-58 (D. Mass. 2015). *See also Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015) (noting the "fundamental purpose" of this rule is "to protect a

defendant's inalienable right to know in advance the nature of the cause of action being asserted against him.") Further, Rule 8(d)(1) provides that the allegations in a complaint must be "simple, concise, and direct." *Chase*, 2011 WL 6826504, at *2. Additionally, Rule 10(b) mandates that claims be conveyed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b); *Spaulding v. Warren*, No. CV 24-12340-DJC, 2024 WL 4652487, at *2–3 (D. Mass. Nov. 1, 2024).

Mr. Munir's 280-page document plainly violates Rules 8 and 10. While the failure to comply with the Federal Rules of Civil Procedure would ordinarily result in a *pro se* litigant receiving an opportunity to amend or refile, the Complaint suffers from additional defects which require its dismissal without the opportunity to amend, as explained below.

**B. Application of *Heck v. Humphrey*, 512 U.S. 477 (1994)**

Mr. Munir seeks legal relief under 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986. His handwritten Complaint extensively quotes from statutes and cases. ECF No. 1-1 at 9 – 20. As the Court understands his allegations, he first filed an "Internal Affairs" Complaint with the Providence Police Department in July 2025 alleging wrongdoing by the detectives that investigated his 2015 criminal charge. *Id.* at 22. He notes that the City of Providence appointed Sergeant Paul Zienowicz to investigate his complaint, and Mr. Munir alleges that the resulting report was fraudulent. *Id.* Liberally construed, both his internal affairs complaint and the

entirety of the allegations set forth in this action appear to challenge the constitutionality of his 2015 conviction.

Specifically, the Plaintiff alleges that detectives used threats and coercion during his May 7, 2015 interview at the Providence Public Safety Complex. *Id.* at 31-32. The Complaint recounts portions of Mr. Munir's 2015 arrest, the grand jury proceedings, underlying search warrants, and subsequent challenges to his conviction. It combines lengthy statutory quotations and allegations of constitutional violations with selected portions from his police interview transcript, his state-court criminal complaint, copies of the 2016 state-court docket bearing handwritten notes, incomplete excerpts from filings by his state-court attorney, and snippets from newspaper articles.

Section 1985(3), 28 U.S.C., permits a litigant to bring a civil rights claim against two or more individuals alleged to have conspired to deprive an individual of equal protection under the law. To prevail, the litigant must allege and prove the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), however, a civil-rights or tort claim that would necessarily imply the invalidity of an outstanding conviction does not accrue unless the criminal charge ended favorably to the Plaintiff: a "favorable" termination is one that "ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 40 (2022). Courts have applied *Heck* to claims under §§ 1985(3) and 1986. *See*

*Flood v. Me. Dep't of Corr.*, No. 1:11-CV-270-DBH, 2012 WL 5389533, at *27 fn. 3 (D. Me. Aug. 24, 2012), report and recommendation adopted, 2012 WL 5389529 (D. Me. Nov. 2, 2012) (citing *Stubbs v. City of Wilkes-Barre*, No. 3:11-CV-00452, 2011 WL 1871391, at *2 (M.D. Pa. Mar. 31, 2011)).

Mr. Munir is unable to "surmount the hurdle" presented by *Heck*. *Tempest v. Remblad*, No. 1:20-CV-00523-MSM-LDA, 2022 WL 2817865, at *6–7 (D.R.I. July 19, 2022). Mr. Munir's constitutional claims under 28 U.S.C. §§ 1985 and 1986 arise from the investigation that led to his 2015 conviction following a jury trial. *See* ECF No. 1-1 at 32-33. The state court denied his post-conviction-relief application in PM-2019-10028 on April 30, 2025. Under R.I. Gen. Laws § 10-9.1-9, review of that denial required a petition for a writ of certiorari to the Rhode Island Supreme Court. He does not allege, and the record does not indicate, that his conviction was reversed or vacated through that process. His original conviction and resulting sentence remain in full legal force and effect.

*Heck* bars civil litigation, like this action, that calls a criminal conviction's validity into question unless the conviction has been "'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Tempest*, 2022 WL 2817865, at *6–7 (quoting *Figueroa v. Rivera*, 147 F.3d 77, 80 (1st Cir. 1998)). This Court cannot entertain the relief requested by the Plaintiff until and unless he has obtained a "favorable termination" of his underlying state court conviction.

Because success on Mr. Munir's 28 U.S.C. §§ 1985(3) and 1986 claims would undermine an outstanding conviction, those claims are not cognizable under *Heck*. Even affording Mr. Munir's Complaint the liberal review it is entitled to, the Complaint fails to state a plausible claim for relief and may not proceed any further. The Complaint is DISMISSED with prejudice and all pending Motions are DENIED as MOOT.[2]

## IV. CONCLUSION

Mr. Munir has a history of filing frivolous motions and complaints in this Court that lack any arguable basis in law or fact. These filings abuse the judicial process and unnecessarily burden the Court and opposing parties. Mr. Munir is therefore warned that further frivolous, harassing, or wasteful filings may result in monetary sanctions or other appropriate relief, or both. *See Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993). If Mr. Munir seeks to file any future complaints, petitions or additional pleading in this or any related matter, he must first file a written motion for leave of Court. That motion must be accompanied by the documents sought to be filed but shall not include an accompanying filing fee. Upon filing, the Clerk of Court shall accept the documents, mark them received, and forward them to a judicial officer for appropriate action.

[2] The Defendants' Motion to Dismiss (ECF No. 24) is also DENIED as MOOT because the Court has determined that the Plaintiff's failure to state a plausible claim is dispositive of this action.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

November 24, 2026